# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENT DOUGLAS DOBBINS, *et al.,* | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| v. | ) | NO. CIV-14-0257-HE |
| LARRY DOBBINS, Individually and as Trustee for the K.D. Dobbins Trust dated January 29, 1992, *et al.,* | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Kent Douglas Dobbins, Jeremy Scott Doak, Holly Lynn Doak, Sandra Dobbins, and Kent Douglas Dobbins, Jr., each as a beneficiary of the K.D. Dobbins Trust dated January 29, 1992 ("the Trust"), filed this action in state court against Larry Dobbins, as Trustee for the Trust, The Bank of Union, and various other defendants. Plaintiffs allege state law claims for breach of trust, fraud, and negligence arising out of allegedly improper transactions made by Larry Dobbins, as trustee of the trust, for his own benefit. Plaintiffs further allege that The Bank of Union negligently or knowingly allowed Larry Dobbins to enter into the improper transactions, with the remaining defendants either receiving trust property or otherwise benefitting from the transactions. Their petition seeks actual and punitive damages from all defendants, an order voiding the transactions, and other equitable relief.

On January 24, 2014, the Federal Deposit Insurance Corporation ("FDIC") was appointed the receiver for The Bank of Union, and later removed the case to this court. The court then stayed the case for 90 days, pending exhaustion of statutorily-mandated

administrative remedies, as to all aspects of the case other than plaintiffs' pending motion to remand. That motion is now at issue.

## DISCUSSION

Plaintiffs have moved to remand the case to state court for lack of subject matter jurisdiction. They argue that because this case involves only matters of state law, it falls within a narrow statutory exception to federal jurisdiction over cases brought against the FDIC. The FDIC counters that federal jurisdiction is proper under federal law, as the case does not fall within the exception.

The FDIC has broad, though not unlimited, authority to remove cases against it to federal court. "Under 12 U.S.C. § 1819(b)(2)(A), all civil suits to which FDIC is a party, with narrow exception, are deemed to arise under the laws of the United States." Donald D. Snyder & Son, Inc. v. FDIC, 791 F. Supp. 335, 336 (D.N.H. 1992). "As such, pursuant to 12 U.S.C. § 1819(b)(2)(B), FDIC may remove to federal court any such case filed in state court—again, subject to narrow exception." Id. The "narrow exception" is contained in 12 U.S.C. § 1819(b)(2)(D), which provides:

> (D) State actions
> Except as provided in subparagraph (E), any action—
> (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

2

"The language of (D) . . . makes clear that it applies only when all three of the listed conditions are met." Capizzi v. FDIC, 937 F.2d 8, 9 (1st Cir. 1991). "[S]ection 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party, and that federal jurisdiction is proper unless the opposing party can prove that the three exceptions in section 1819(b)(2)(D) are applicable." Reding v. FDIC, 942 F.2d 1254, 1258 (8th Cir. 1991). The FDIC admits that the first two conditions are met, so only an analysis of the "state law" condition is necessary.

Even if all claims in a case are based exclusively on violations of state law, the "state law" condition is not satisfied if the FDIC raises a colorable defense grounded in federal law. *See, e.g.*, *id.* at 1258 ("To uphold the presumption of federal jurisdiction, the district court need find only that the FDIC's claimed federal defense presents a colorable issue for decision and is not meritless."). This is an exception to the well-pleaded complaint rule, as the removed petition need not initially show the existence of a federal question. Diaz v. McAllen State Bank, 975 F.2d 1145, 1149 (5th Cir. 1992). In other words, if the FDIC raises a legitimate defense based on federal law, the case requires more than interpretation of state law, and federal jurisdiction is proper.

The FDIC raises two federal defenses. It argues that plaintiffs have requested punitive damages, and such damages are not an available remedy against it. *See* Prof'l Asset Mgmt., Inc. v. Penn Square Bank, N.A., 566 F. Supp. 134, 136 (W.D. Okla. 1983). It also argues that injunctive relief is limited against it under federal law. For instance, it asserts that plaintiffs request a constructive trust, which is not available against it. *See* Hanson v. FDIC,

3

113 F.3d 866, 871 (8th Cir. 1997); 12 U.S.C. § 1821(j) ("Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver.").

While the majority of the cases discussing colorable federal defenses raised by the FDIC involved an analysis of the D'Oench, Duhme doctrine, a defense not raised in this case, at least one Circuit has held that the FDIC may have a colorable federal defense against punitive damages. *See* Diaz, 975 F.2d at 1150. Plaintiffs state in their response that they are not requesting punitive damages against the FDIC, [Doc. #27, pg. 9]. However, the language of the petition indicates otherwise. *See* [Doc. #1-5, pg. 16] (requesting "[j]udgment against the Defendants for actual and punitive damages . . . ."). And even if plaintiffs no longer wish to pursue punitive damages against the FDIC, amendment of their petition or claims now cannot be used to force remand. *See* Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991). The court concludes that the FDIC has raised colorable federal defenses and that remand is therefore unwarranted.

For the reasons stated, plaintiffs' motion to remand [Doc. #27] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE