# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENT DOUGLAS DOBBINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. CIV-14-0257-HE |
| | ) | |
| LARRY DOBBINS, Individually and | ) | |
| as Trustee for the K.D. Dobbins Trust | ) | |
| dated January 29, 1992, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs have moved for certification of the court's June 12, 2015, Agreed Judgment [Doc. #86] as a final judgment pursuant to Fed.R.Civ.P. 54(b). In a case such as this one, where there are multiple claims and multiple parties, the rule permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Defendant Larry Dobbins has objected to the motion, on the basis that the Confidential Settlement Agreement entered into between those parties did not contemplate the certification of the Agreed Judgment. The court held a hearing on the motion on June 22, 2015, at which the Confidential Settlement Agreement was offered in evidence.

Here, there is no dispute that the Agreed Judgment resolves all claims between plaintiffs and defendant Larry Dobbins. The question is therefore whether there is any "just reason for delay" in treating the Agreed Judgment as final. Defendant Dobbins suggests the Settlement Agreement does not "contemplate" the entry of a final judgment. It is true that the agreement does not explicitly agree to such a determination, or specifically address the

possibility, but the court's review of it suggests no portion of the agreement which explicitly or implicitly contemplates the contrary either. Defendant has identified two provisions of the agreement which it views as inconsistent with immediate certification, or as possibly leading to prejudice to the defendant if certification occurs. One (para. 8(a)) does refer to the entry of a final judgment but, somewhat oddly, it is in the context of stating the point at which the plaintiffs' duty of confidentiality as to the terms of the agreement will arise. Literally, the provision would seem to suggest the obligation of maintaining the confidentiality of the agreement does not even arise until entry of a final judgment on all claims in the case. Whether that is the case or not is somewhat beside the point for present purposes. It at least appears clear that this provision does not result in prejudice to defendant Dobbins from certification of the Agreed Judgment now. Even if it somehow triggered paragraph 8(a), the effect would be to impose the confidentiality obligation sooner rather than later. In the circumstances here, that would seem to benefit, rather than prejudice, Mr. Dobbins.

The second provision of the settlement agreement referenced by defendant is one referring to a lease of land to L&R Cattle LLC. The lease includes a provision giving plaintiffs the option to terminate the lease if a final judgment is entered in this case prior to June 30, 2018. However, that provision appears to contemplate a final judgment in the litigation against the FDIC, which involves a determination of the extent of the plaintiffs' interest in the leased and other land, rather than the resolution of the claims against Mr.

Dobbins. Both the explicit language of the lease,[1] which refers to "litigation involving Landlord and FDIC," and the context suggest that result. In any event, entry of a final judgment as to the claims against Mr. Dobbins would not contravene any provision of the settlement agreement and, in the court's view, is not inconsistent with it.[2] There is no apparent prejudice to Mr. Dobbins from entry of judgment now beyond the obvious result that plaintiffs would be able to immediately seek collection of the agreed judgment. That may be prejudicial to Mr. Dobbins but, in the circumstances here, there is nothing <u>unfair</u> about that prejudice.

By contrast, plaintiffs have a substantial interest in being able to pursue collection of the judgment now. This is not a situation where the validity of plaintiffs' claims against Mr. Dobbins are subject to dispute or to potential appeal. Rather, the judgment is an <u>agreed</u> judgment which established the amount of liability of Mr. Dobbins. Further, that judgment explicitly recognized that plaintiffs have been wronged by defendant Dobbins in a substantial way—the agreed judgment is for $850,000 and recites that defendant Dobbins "obtained money and property by false pretenses as a result of defalcation while acting in a fiduciary capacity." There are substantial equities here indicating the plaintiffs should be permitted to pursue now collection of the amount Mr. Dobbins admits he owes. Further, delaying entry of a final judgment until resolution of the claims against the FDIC could, depending on the

---

[1]*Explicit language doesn't always mean what it says, <u>King v. Burwell</u>, ___S.Ct.___(2015), but the court can discern no reason to depart from the plain import of it here.*

[2]*Although it does not explicitly address a 54(b) certification, paragraph 8(e) of the settlement agreement provides: "Notwithstanding the foregoing, it is understood and agreed that Plaintiffs will seek to enforce and collect on the judgment described in paragraph 3 and such action will not be a violation of this Agreement."*

course of that litigation and any appeals, mean a delay of years. There is no apparent reason why Mr. Dobbins should get the benefit of any such delay.

In short, there is no just reason for delay in treating the Agreed Judgment as final. Plaintiffs' motion for Rule 54(b) certification [Doc. #78] is therefore **GRANTED**. The Agreed Judgment entered June 12, 2015 [Doc. #86] is deemed final for all purposes.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE